## IN THE SOUTHERN DISTRICT OF OHIO
## COLUMBUS DIVISION

| | |
|---|---|
| JENNIFER CONLEY,<br>5620 Summer Blvd.<br>Galena, OH 43021<br><br>Individually and on behalf of all others<br>similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>THE KROGER COMPANY,<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>       Defendant. | CASE NO.<br><br>JUDGE<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Jennifer Conley, ("Conley" or Plaintiff"), individually and on behalf of all others similarly situated, through her undersigned counsel, alleges as follows against Defendant, The Kroger Company ("Kroger" or "Defendant"), based upon personal knowledge as to herself and, as to all other matters, upon information and belief, including her counsel's investigation.

### INTRODUCTION

1. Kroger manufactures, labels, distributes, advertises, and sells a variety of house-brand fruit-flavored sparkling-water beverages that represent and warrant they are "Naturally Flavored" (herein the "Products").

2. In violation of federal and Ohio state law, Kroger fails to disclose to consumers that the Products contain a synthetic artificial flavoring chemical, falsely representing these beverages as "Naturally Flavored."

3.    As such, the Products are not only falsely advertised but are also misbranded under federal and state law.

4.    Kroger has unjustly and illegally harmed Plaintiff and the Class, as defined below, by a) failing to disclose that these Products are artificially flavored; b) either negligently, recklessly, intentionally, fraudulently, or otherwise illegally creating the impression that these Products were naturally flavored when they in fact were artificially flavored with a synthetic artificial flavoring chemical.

5.    Plaintiff, who purchased selected Products multiple times and was deceived by Kroger's unlawful conduct, brings this action on her own behalf and on behalf of all similarly situated consumers to remedy Kroger's unlawful acts.

6.    On behalf of the Class, as defined below, Plaintiff seeks an order compelling Kroger to, *inter alia*: (1) cease packaging, distributing, advertising, and selling the Products in violation of U.S. FDA regulations, state consumer protection laws, and common law; (2) inform consumers regarding the Products' mislabeling; (3) award Plaintiff and the other Class-members restitution, actual damages, and/or punitive damages; and (4) pay all costs of this suit, expenses, and attorney's fees.

## PARTIES

7.    Plaintiff Jennifer Conley is a resident of Galena, Ohio and has been a regular shopper at the Kroger store located at 6417 Columbus Pike Lewis Center, OH 43035.

8.    Defendant Kroger maintains its offices at 1014 Vine Street Cincinnati, OH 45202-1100.

9.    Kroger is the United States' largest supermarket by revenue, and the second largest general retailer.

10. Through its supermarket and retail operations, Kroger manufactures, labels, advertises, markets, distributes, and sells the Products in Ohio and throughout this district and the United States.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, there are more than 100 putative Class members, and minimal diversity exists because putative Class members are citizens of a different state than Defendant.

12. This Court has personal jurisdiction over Kroger because it is headquartered in, authorized to conduct business in, and does regularly conduct business in this district and across Ohio.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's and Class members' claims occurred in this District. Plaintiff is located in this district. Defendant's store where Plaintiff and other members of the Class purchased the Products is located in this district.

## FACTS

**A. Kroger's Products contain artificial flavoring.**

14. An artificial flavoring ingredient is "any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." 21 CFR 101.22(a)(1).

15. The Products all contain an artificial flavoring ingredient called dl-malic acid.

16.     The dl-malic acid[1] (listed as "malic acid" in the Product ingredient list) that Kroger puts in the Products is an artificial flavoring ingredient. It provides a characterizing tart fruit flavor and is derived from petrochemicals, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." *Id.*

17.     "Dl-malic acid" does not occur in nature, but is in fact a synthetic flavoring chemical manufactured in a petrochemical factory from petroleum feedstocks. See 21 C.F.R. 101.22(a)(1) et seq.

18.     Under federal law, if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor". *See* 21 C.F.R. 101.22(i).

19.     Kroger labels and advertises its sparkling-water Products as, for example, "Strawberry," "White Grape," "Mixed Berry," "Kiwi Strawberry," "Peach," "Blueberry Pomegranate," "Black and Blueberry," and "Pineapple Coconut."

20.     All of these fruit flavors are primary recognizable flavors and are therefore by law considered characterizing flavors.

21.     The Products' "characterizing flavors" (e.g., "Strawberry") are not created exclusively by the named flavor ingredient. The Products' ingredients are listed on the packaging as: carbonated water, citric acid, malic acid, natural flavor, potassium benzoate (preservative), sucralose, potassium citrate, neotame, and acesulfame potassium.

22.     Food product ingredient suppliers offer both the natural version of malic acid and

---

[1] Dl-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

the artificial dl-malic acid that Kroger puts in the Products.

23.     Kroger chose to include the synthetic artificial flavor in the Products.

24.     Kroger, a sophisticated food product manufacturer and seller, either knew or should have known that the dl-malic acid included in the Products was a synthetic petrochemical compound and an artificial flavoring.

**B. Federal and state law require products with artificial flavoring ingredients to disclose this on product labels.**

25.     Because the Products contain the artificial flavoring ingredient dl-malic acid, which is used to create the labeled characterizing tart fruit flavor, the Products must be labeled in accordance with applicable state and federal regulations.

26.     When a food or beverage product contains an artificial flavoring ingredient like the dl-malic acid in Kroger's Products, federal law requires that the seller specifically disclose on both the product's front and back labels that the product is artificially flavored. *See* 21 C.F.R. 101.22(i)(2) – (3).

27.     The "artificially flavored" statement must be shown prominently on the front display panel and of sufficient size for an average consumer to notice.  *See* 21 C.F.R. 102.5(c)(1) – (3).

28.     All foods containing artificial flavoring must include: "[a] statement of artificial flavoring … [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, *as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.*" 21 C.F.R. 101.22(c) (Emphasis added).

29.     A "characterizing flavor," must also be accurately described on the food product's labeling.  See, 21 C.F.R. 102.5(a).

30. If a product's "characterizing flavor" (e.g. the "Strawberry" label on the Products) is not created exclusively by the named flavor ingredient (for instance, strawberry) and instead includes the use of an artificial flavor that "simulates, resembles or reinforces" the characterizing flavor, federal law requires that the food must be prominently labeled as "artificial" or "artificially flavored" under federal law. 21 C.F.R. 101.22(i)(2) – (3).

31. Additionally, all labeled food products must include "a statement of the presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . . and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. 102.5(c).

32. Kroger's Products do not accurately describe the "presence or absence of any characterizing ingredient(s) or component(s)" on the Products' labeling as Kroger uses an artificial flavoring ingredient, dl-malic acid, to create the characterizing flavor of the Product, and misleads the consumer that the Products are "Naturally Flavored" when they are actually artificially flavored.

33. Food products that fail to conform to these requirements are misbranded.

34. Similarly, under Ohio law, "Food is misbranded if . . . It bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless it bears labeling stating that fact[.]" Ohio Rev. C. Section 3715.60 (K).[2]

35. Ohio law requires Kroger to place a notice on the Products' labels to inform consumers that the Products are artificially flavored. See R.C. 3715.60(K); 3715.52(A)(1) – (2).

---

[2] Violation of 3715.60(K) is a misdemeanor of the fourth degree on a first offense; on each subsequent offense, the wrongdoer is guilty of a misdemeanor of the second degree.

**C. Kroger's Products do not contain the legally required disclosures.**

36. Kroger fails to disclose to consumers that the Products are artificially flavored.

37. Nowhere on any of the Products' packaging or labeling is the required disclosure that the Products are artificially flavored; therefore, the Products' packaging violates state and federal law. See 21 C.F.R. 101.22 et seq., 21 C.F.R. 102.5(a); Ohio Rev. C. Section 3715.60 (K) supra.

38. By way of example, below is a true and accurate photographic image of the "Kiwi Strawberry" Product showing the Product's front label, which makes no mention of artificial flavoring:



39.     The Products' rear-label also contains no mention of artificial flavoring:



40.     The rear-label lists the ingredients as: "Carbonated water, citric acid, malic acid, natural flavor, potassium benzoate (preservative), sucralose, potassium citrate, neotame, acesulfame potassium" without disclosing that the malic acid in the Product is a synthetic artificial flavoring ingredient or that the Product is artificially flavored, see [¶39] above.

41.     Nor does Kroger disclose on the front label or anywhere else on the Products' packaging that the "malic acid" is a synthetic artificial flavoring agreement.

42.     Consumers would have no reason to know that the "malic acid" Kroger includes in

8

the Products is an artificial flavoring ingredient, since this fact is not disclosed, and the Products are falsely labeled as "Naturally Flavored." See image in [¶38] above

43.    What's more, the labels on Kroger's Products do not accurately describe or represent each Product's characterizing flavors as required by law: there is no mention of artificial flavoring anywhere, no disclosure that the Products are artificially flavored, and no indication that the product's flavor was simulated or reinforced with an artificial flavoring. *See* 21. C.F.R. 102.5(a) et seq.; 21 C.F.R. 101.22(a) et seq.; 21 C.F.R. 101.22(i) et seq.

44.    Because these Products' labels conceal the fact that the Products are artificially flavored, the Products' labeling is false and misleading, and these products are misbranded under federal and state law.

**D.  Kroger falsely advertises its Products as "Naturally Flavored."**

45.    Kroger's Products not only omit the legally-required specific "Artificial Flavor" or "Artificially Flavored" label statement; the Product labels also misleadingly and uniformly inform the consumer that the Product is "Naturally Flavored," even though the Products all contain an undisclosed artificial flavor made from petrochemicals. See image in [¶38] above.

46.    The Products' labels further reinforce that misrepresentation by displaying the names of the characterizing fruits. See image in [¶38] above.

47.    Kroger's packaging and labeling for the Products specifically represent and warrant that consumers are buying a premium "Naturally Flavored" product instead of a product that is artificially flavored with a synthetic chemical manufactured in a petrochemical factory.

### E. Plaintiff's Facts

48.    Plaintiff has purchased the Products many times over the last several years at various locations in Ohio, most recently on or about July 22, 2021 at the Kroger supermarket store located at 6417 Columbus Pike Lewis Center, OH 43035.

49.    During the July 22, 2021, transaction Plaintiff purchased, among other things, one bottle each of Kroger's Pineapple Coconut, Black & Blueberry, Blueberry Pomegranate, and Kiwi Strawberry sparkling water Products.

50.    The Products were each purchased at the marked retail price of $0.59 for a one (1) liter plastic bottle.[3]

51.    Each of the Products that Plaintiff purchased on July 22, 2021, represented and warranted that they were "Naturally Flavored."

52.    The Plaintiff read and relied upon Kroger's specific and uniform representation and warranty that the Products were "Naturally Flavored."

53.    Plaintiff first discovered Kroger's unlawful conduct described herein in 2021, when she learned the Products' were artificially flavored using a synthetic artificial flavoring even though Kroger failed to specifically disclose on the Products' labels that the Products were "artificially flavored."

54.    Plaintiff was deceived by and relied upon the Products' deceptive labeling which omitted the fact that the Products were artificially flavored, and Kroger's uniform representation and warranty that the Products were "Naturally Flavored."

---

[3] A true and accurate copy of the receipt from Plaintiff's July 22, 2021, transaction is attached hereto as Exhibit A.

55.     Plaintiff purchased the Products believing they were naturally-flavored, based on the Products' deceptive labeling.

56.     Plaintiff, as a reasonable consumer, is not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to independently research information that state law and federal regulations require be displayed prominently on the front.

57.     Kroger, but not Plaintiff, knew or should have known that the Products' labeling was false and in violation of federal regulations and state law.

58.     Plaintiff reasonably assumed the Products were not artificially flavored based on the Products' representation and warranty that they were "Naturally Flavored," but she did not receive a Product that was free of artificial flavoring; she received a Product that was unlawfully labeled to deceive the consumer into believing that it was naturally flavored – not artificially flavored. Therefore, Plaintiff did not receive the benefit of her purchase.

59.     Further, Plaintiff would not have purchased the Products in the absence of Kroger's misrepresentations, warranties, and omissions.

60.     Food products that are naturally flavored sell at a price premium compared to products that contain artificial flavorings.

61.     The Products were therefore worth less than Plaintiff and the Class paid for them; both the Plaintiff and the Class would not have paid as much for the Products absent Kroger's false and misleading statements and omissions.

62.      Plaintiff and the Class lost money as a result of Kroger's unlawful acts. Plaintiff, and each Class member, altered his or her position to their detriment and suffered loss in an amount equal to the price premium paid for the Products as falsely labeled and advertised.

**CLASS ALLEGATIONS**

63.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

64.     Plaintiff brings this action on behalf of herself and the following class (herein referred to as the "Class" or "Putative Class"):

> Any person who purchased any of the Products within the statute of limitations, excluding Kroger and Kroger's officers, directors, employees, agents, and affiliates, and the Court and its staff.

65.     The Class numbers in the thousands and is so numerous that joinder of all members is impracticable. It is also impracticable to bring all such persons before this Court.

66.     The injuries and damages to the Class members present questions of law and fact that are common to each Class member, and that are common to the Class as a whole.

67.     Kroger has engaged in the same conduct with respect to all the members of the Class.

68.     The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses, and injuries of the entire Class, and the claims, defenses, and injuries of each Class member are typical of those of the entire Class.

69.     Plaintiff will fully and adequately protect and represent the entire Class and all of its putative members.

70.     The identity of the Class members can be determined through discovery from Kroger and others as well as by self-identification.

71.     The prosecution of separate actions by each member of this Class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the Class that would establish incompatible standards of conduct for Kroger.

72.     The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the Class, which, as a practical matter, would be dispositive of the interests of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.

73.     The maintenance of this suit as a class action is the superior means of disposing of the common questions that predominate herein.

## FIRST CLAIM FOR RELIEF
### Breach of Express Warranty

74.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

75.     Plaintiff, and each member of the Putative Class, purchased a Product from Kroger.

76.     In connection with those purchases, Kroger made promises and affirmations of fact on the labels of the Products.

77.     Kroger's promises and affirmations of fact through its product labeling and advertising constitute express warranties.

78.     Specifically, Kroger uniformly warrants on the front of each of the Product labels that the Products are "Naturally Flavored".

79.     This affirmation of fact made by Kroger was made to induce Plaintiff and the Class members to purchase the Products.

80.     Plaintiff and the Class members relied on Kroger's affirmations in purchasing the Products.

81.     All conditions precedent to Kroger's liability under the warranty have been performed by Plaintiff and the Class members or have been waived.

82. Kroger breached the terms of the express warranty, because the Products Plaintiff and the Class members received did not conform to the description provided by Kroger, to wit: that the Products were "Naturally Flavored."

83. Instead, the Products included an artificial synthetic flavoring ingredient and were not "Naturally Flavored."

84. Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic flavorings, Plaintiff notified Kroger of such breach by serving Kroger with a pre-suit notice letter advising Kroger that it has breached its express warranty to Plaintiff and the Class, demanding that Kroger cease and desist from continuing to violate the law, and demanding that Kroger pay appropriate damages to Plaintiff and the Class.

85. As a result of Kroger's breach of warranty, Plaintiff and the Class members have been damaged in the amount to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF
### Fraud by Omission

86. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

87. Kroger failed to disclose that the Products are artificially flavored.

88. Nowhere on either the front or back label of the Products was it disclosed that the Products were artificially flavored.

89. Kroger had a duty, under state and federal law as described above, to disclose that the Products were artificially flavored.

90. The fact that the Products contained artificial flavoring was material to the transaction, as Plaintiff and the Class would not have purchased the products or would have paid less for the Products, had they known the Products contained artificial flavoring.

91.     Kroger knew that its Products contained artificial flavoring.

92.     Kroger knowingly concealed the fact that its Products contained artificial flavoring with the intention, in whole or in part, to induce Plaintiff and the members of the Class to purchase the Products.

93.     Plaintiff and the Class were unaware of the omitted material fact that the Products were artificially flavored and would not have purchased the Products, or would have paid less for the Products, if they had known of this concealed fact.

94.     Plaintiff and the Class justifiably relied on the Products' labeling, which omitted the fact that the Products were artificially flavored.

95.     Plaintiff and the Class's reliance was justifiable, including for the reason for that not only was the inclusion of artificial flavoring omitted from the Products' labeling, but Kroger furthermore described the Products as "Naturally Flavored" on the Products' labels; also, Plaintiff and the Class had no reason to believe that Kroger would be dishonest in its labeling.

96.     Plaintiff and the Class suffered injuries, in an amount to be proven at trial, that were proximately caused by Kroger's omission and concealment of the uniform material fact that the Products were artificially flavored.

## THIRD CLAIM FOR RELIEF
### Fraud

97.     Kroger represented to Plaintiff and all putative class members that the Products were "Naturally Flavored" on the Product labels.

98.     Kroger's representation that the Products were "Naturally Flavored" was false.

99.      Kroger's representation that the Products were "Naturally Flavored" was material to the transaction, because as Plaintiff and the Class would not have purchased the products or would have paid less for the Products, had they known the Products were not "Naturally Flavored."

100.     Kroger represented its Products were "Naturally Flavored" with knowledge that the claim was false, or, in the alternative, with utter disregard and recklessness as to whether the representation was false, at the time Kroger marketed and advertised the product.

101.     Kroger made this representation to Plaintiff and the Class with the intention that Plaintiff and the Class would rely on the uniform representation that the Products were "Naturally Flavored" and purchase the Product.

102.     Plaintiff and the Class justifiably relied on these representation that the Products were "Naturally Flavored" in purchasing the product.

103.     Plaintiff and the Class's reliance on the Products' representation of "Naturally Flavored" was justifiable, including for the reasons that the Products were called by their fruit named flavor (e.g. "Strawberry"), the labeling did not disclose that artificially flavoring was included, and that Plaintiff and the Class had no reason to believe that Kroger would be dishonest in its labeling.

104.     Plaintiff and the Class suffered injuries, in an amount to be proven at trial, that were proximately caused by Kroger's representation that the Products were "Naturally Flavored."

**FOURTH CLAIM FOR RELIEF**
**Negligent Misrepresentation**

105.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

106.     Kroger has a pecuniary interest in selling its Products.

107.     In the course of selling these Products, Kroger supplied false information for the guidance of Plaintiff and the Class in their business transaction, i.e. Plaintiff and the Class's purchase of the Products.

108. Kroger supplied false information by failing to disclose, as was its duty under federal and state law, that the Products were artificially flavored.

109. Kroger supplied false information by misrepresenting that the Products were naturally flavored.

110. Plaintiff and the Class's reliance on the false information described in the previous two paragraphs was justifiable, including for the reasons that the Products were called by their fruit named flavor (e.g. "Strawberry") and that Plaintiff and the Class had no reason to believe that Kroger would be dishonest in its labeling.

111. Kroger failed to exercise reasonable care or competence in describing its Products.

112. Plaintiff and the Class, as a direct and proximate result of Kroger's conduct, have suffered actual damages in an amount to be proven at trial, together with punitive damages.

### FIFTH CLAIM FOR RELIEF
**Unjust Enrichment**

113. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

114. Plaintiff and the Class conferred a benefit on Kroger by paying for the Products.

115. Kroger is aware that Plaintiff conferred that benefit on Kroger.

116. Kroger has retained that benefit, and has not returned to Plaintiff or the Class any of the monies paid.

117. The balance of the equities favors the Plaintiff and Class because they paid for Products that Kroger mislabeled, uniformly misrepresented as "Naturally Flavored", and for which Kroger deceptively withheld the material information that the Products were actually artificially flavored.

118.     It would be unjust for Kroger to retain the benefit it received from Plaintiff and the Class.

119.     Plaintiff and the Class are entitled to restitution and/or disgorgement in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Money Had and Received

120.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

121.     Plaintiff and the Class paid for the Products.

122.     Plaintiff and the Class have performed everything required of them by paying Kroger for the Products.

123.     Kroger has retained the money and benefit Plaintiff and the Class paid it for the Products.

124.     Kroger has been unjustly enriched through Plaintiff's payment for the Products because Kroger sold the Products with material omissions and misrepresentations on the Products' labels, which violate state and federal law as described above.

125.     Kroger has inequitably and/or wrongfully retained Plaintiff and the Class's money paid to Kroger for these Products.

126.     Plaintiff and the Class are entitled to a disgorgement of this unjustly, inequitably and/or wrongfully held money.

## SEVENTH CLAIM FOR RELIEF
### Ohio Consumer Sales Practices Act ("CSPA")
### O.R.C. §1345.01 et seq.

127.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

128.     Defendant's sales of the Products to Plaintiff and the Class were sales of goods to individuals for primarily personal, family or household use, and were therefore "consumer transactions" as defined in the CSPA.

129.     Kroger was a "supplier" as defined in the CSPA because they were engaged in the business of effecting consumer transactions, as described above.

130.     Plaintiff and the Class are "consumers" as defined in the CSPA as they engaged in a consumer transaction with a supplier; i.e. they purchased goods from Kroger for personal, family or household use.

131.     In connection with the consumer transactions alleged herein, including the consumer transaction between Plaintiff and Kroger, and the consumer transactions between the Class and Kroger, Kroger's representations, acts, and/or practices were unfair and deceptive in violation of R.C. Chapter 1345.02 because:

   a. Kroger affirmatively represents on the Product labels that the Products are "Naturally Flavored" when they contain artificial flavoring ingredients;
   b. Kroger conceals and omits the fact that the Products are actually artificially flavored;
   c. Kroger combines the above-stated omissions and affirmative misrepresentations to mislead consumers such as Plaintiff and the Class and to induce them to purchase the Products;

132.     This above-described conduct violates R.C. Chapter 1345.02, which prohibits Kroger from representing:

   a. That the subject of a consumer transaction (i.e. the Products) has characteristics or benefits that it does not have (See R.C. 1345.02(1));
   b. That the subject of a consumer transaction is of a particular standard, quality, grade, if it is not (See R.C. 1345.02(2));
   c. That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not (See R.C. 1345.02(5));
   d. That a specific price advantage exists, if it does not (See R.C. 1345.02(8)); or
   e. That the supplier has a sponsorship, approval, or affiliation that the supplier does not have (See R.C. 1345.02(9)).

133.    As a direct and proximate result of Kroger's violations, Plaintiff and the Class have been damaged in an amount to be established at trial.

### EIGHTH CLAIM FOR RELIEF
### Civil Recovery for Criminal Conduct
### O.R.C. § 2307.60 et seq.

134.    Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

135.    Pursuant to Ohio's Pure Food and Drug Law food is "misbranded" if it "bears or contains any artificial flavoring … unless it bears labeling stating that fact[.]" *See* O.RC. §3715.60(K)

136.    In turn, O.R.C. §3715.52(A)(1) makes illegal "the manufacture, sale or delivery, holding or offering for sale of any food … that is adulterated or *misbranded*[.]" (Emphasis added).

137.    O.R.C. §3715.52(A)(2) makes illegal "the adulteration or *misbranding* of any food[.]"

138.    O.R.C. §3715.99 states that the misbranding of food pursuant to O.R.C. §§ 315.52(A)(1) and (A)(2) is a crime and "[w]hoever violates section 3715.52 … of the Revised Code is guilty of a misdemeanor of the fourth degree on a first offense; on each subsequent offense, the person is guilty of a misdemeanor of the second degree."

139.    The Products uniformly represent on the front label that they are "Naturally Flavored."

140.    However, the Products include an artificial synthetic flavoring ingredient and are artificially flavored not "Naturally Flavored."

141.    The Products labeling does not disclose that the Products are artificially flavored.

142.     Therefore, the Products that Kroger sold to the Plaintiff and the Class are misbranded pursuant to O.R.C. §3715.60(K).

143.     Kroger manufactures, sells, delivers, holds, and offers the Products for sale at its grocery stores.

144.     Further, Kroger creates the labels that are placed on the Products prior to their sale to Plaintiff and the Class.

145.     By the conduct alleged and described above, Kroger has violated both O.R.C. §3715.52(A)(1) and (A)(2) of the Pure Food and Drug Law.

146.     Kroger's violation of both O.R.C. §3715.52(A)(1) and (A)(2) are criminal violations pursuant to O.R.C. §3715.99.

147.     Further, O.R.C. § 2307.60 provides that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action[.]"

148.     Thus, through Kroger's violations of O.R.C. §3715.52(A)(1) and (A)(2), Kroger has committed a criminal act and the Plaintiff and the Class have suffered injury and damages from Kroger's criminal act in an amount to be established trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands, on her own behalf, and on behalf of the Class members, that this Court grant the following relief:

1.     For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2.     For compensatory damages;

3.     For restitution;

4.     For punitive damages;

5. For restitution, disgorgement, injunctive relief, damages, punitive damages, and/or all other relief allowable under O.R.C. §1345 et seq.;

6. For the costs of maintaining this civil action, attorney's fees, and any other relief allowable pursuant to O.R.C. § 2307.60 et seq.,

7. For reasonable costs and attorney fees necessarily incurred herein pursuant to common law, O.R.C. § 1345.01 et seq., and/or O.R.C. § 2307.60 et seq.;

8. For interest as allowed by law;

9. For such other or further relief as this Honorable Court deems Plaintiff and the Class entitled.

Respectfully submitted,

 /s/ Frank A. Bartela
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
Attorneys for Plaintiff Conley and the Class
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
        *nfiorelli@dworkenlaw.com*
        *fbartela@dworkenlaw.com*

Ronald A. Marron, Esq.*
**THE LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, California 92103
(619) 696-9006 // (619) 564-6665 Fax
Email: *ron@consumersadvocates.com*

David Elliot, Esq.*
**ELLIOT LAW OFFICE, PC**
2028 Third Avenue
San Diego, CA 92101
(619) 468-4865
Email: *davidelliot@elliotlawfirm.com*

*Pro Hac Vice Request Forthcoming

## JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

/s/ Frank A. Bartela
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
Attorneys for Plaintiff Conley and the Class
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
        *nfiorelli@dworkenlaw.com*
        *fbartela@dworkenlaw.com*

Ronald A. Marron, Esq.
**THE LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, California 92103
(619) 696-9006 // (619) 564-6665 Fax
Email: *ron@consumersadvocates.com*

David Elliot, Esq.
**ELLIOT LAW OFFICE, PC**
2028 Third Avenue
San Diego, CA 92101
(619) 468-4865
Email: *davidelliot@elliotlawfirm.com*