UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jennifer Conley,

    Plaintiff,

v.

The Kroger Company,

    Defendant.

Case No. 2:21-cv-5642

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Jennifer Conley ("Plaintiff") moves for reconsideration of the Court's prior Order compelling arbitration (the "Order"). ECF No. 36. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The Court thoroughly explained the facts in the Order. ECF No. 35. As a brief summary, Plaintiff alleges that certain products she purchased from Defendant are not "naturally flavored," as advertised, but instead contain artificial flavoring. Order 1–2, ECF No. 35. In Plaintiff's original Complaint, she alleged that she purchased the products via an online platform, but in the Amended Complaint, she alleges she purchased the products in-person. *Id*.

In response to the original Complaint, Defendant moved to compel arbitration. ECF No. 26. In that motion, Defendant argued that persons who buy items via the online platform enter into an arbitration agreement. *Id*. After

Plaintiff filed the Amended Complaint, Defendant renewed its arguments about arbitration. ECF No. 32.

In the Order, the Court held that, because the parties had a binding arbitration agreement as to at least some of the products (those purchased online), the issue of whether the in-person purchases were arbitrable belongs to an arbitrator, not the Court. Order 3–6, ECF No. 35. In support of this conclusion, the Court relied on, *inter alia*, the language of the arbitration agreement and the United States Supreme Court decision of *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019). *Id*. So, the Court granted the motion to compel arbitration but elected to stay, rather than dismiss, the case. *Id.* at 6–7.

Plaintiff now moves for reconsideration on the basis that *Henry Schein* does not apply to this case because the in-person purchases are outside the scope of the arbitration agreement. Mot., ECF No. 36.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not contemplate a "motion for reconsideration." That said, a Court may reconsider an interlocutory order at any time prior to entry of final judgment.[1] Fed. R. Civ. P. 54(b); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "Courts traditionally will find justification for reconsidering interlocutory orders when there

---

[1] At the time of Plaintiff's motion (and of this Order), there had been no final order or judgment in this case.

is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (internal quotation marks and citations omitted). "A motion for reconsideration is not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Premier Dealer Servs., Inc. v. Allegiance Administrators, LLC*, No. 2:18-CV-735, 2022 WL 1166231, at *1 (S.D. Ohio Apr. 20, 2022) (internal quotation marks and citations omitted). "Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing cases). Further, "the moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Walsh v. Chevron Mining, Inc.*, No. 4:20-CV-00010-HBB, 2021 WL 4143904, at *3 (W.D. Ky. Sept. 10, 2021) (internal quotation marks and citations omitted).

### III.   ANALYSIS

Plaintiff does not identify an intervening change in law or suggest that new evidence is available. Instead, she asserts that the Court's application of *Henry Schein* to this case was clear error.

Plaintiff's motion is unavailing for several reasons. First, the main thrust of her argument is, essentially, that *Henry Schein* is inapposite because the in-

person purchases are outside the scope of the online platform's arbitration agreement. This merely repackages Plaintiff's scope arguments the Court already addressed in the Order. In other words, although Plaintiff did not specifically address *Henry Schein* and subsequent cases in her prior briefing, the actual argument that Plaintiff now asserts—that the in-person purchases are so outside the scope of the arbitration agreement that *Henry Schein* cannot control—are the same as her earlier arguments. As just explained, "[m]otions for reconsideration are not intended to re-litigate issues previously considered by the Court." *Premier Dealer Servs., Inc.*, 2022 WL 1166231, at *1 (internal quotation marks and citations omitted). So, Plaintiff's beyond-the-scope argument is not an appropriate basis for reconsideration.

Next, Plaintiff cites to a number of cases suggesting the Court misinterpreted *Henry Schein*. Mot. 2–4, ECF No. 36. These cases do not show clear error for two reasons. First, all of the cases are out-of-circuit and, therefore, not binding on this Court. Second, Plaintiff uses these cases, in combination, to support the following proposition of law: "even after *Henry Schein*, a car dealership cannot compel arbitration of an employment dispute based on an arbitration clause found in a vehicle purchase agreement between the employee and the dealership." Mot. 4, ECF No. 36. Even assuming that is a correct statement of law, that is not the factual scenario of *this* case. Defendant did not move to compel arbitration of an employment, tort, property damage, or similarly unrelated dispute based on an arbitration clause in a purchase agreement.

Defendant moved to compel arbitration of a false advertising dispute over specific types of products, purchased by a specific customer, based on an arbitration agreement related to the same specific types of products, purchased by the same specific customer, just purchased via a different platform. Because of the significant factual differences between Plaintiff's proposed rule of law and this case, Plaintiff does not show clear error with this argument.

Setting aside the issues with Plaintiff's proposed legal rule, two of the cases she cites to have arguably analogous facts: *Moritz v. Universal City Studios LLC*, 54 Cal. App. 5th 238 (Cal. App. Ct., 2020) and *Slaughter v. Nat'l R.R. Passenger Corp.*, 460 F. Supp. 3d 1 (D.D.C. 2020). However, these cases are from out-of-circuit courts and, therefore, are not binding on this Court. Further, Plaintiff does not meaningfully address the Sixth Circuit's treatment of *Henry Schein*, which *is* binding on this Court.[2] *See, e.g., McGee v. Armstrong*, 941 F.3d 859, 865–67 (6th Cir. 2019) (following *Henry Schein* and finding the district court did not err in sending the issue of arbitrability to an arbitrator, even though the plaintiff argued certain claims were beyond the scope of the arbitration agreement); *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 847 (6th Cir. 2020) (favorably citing to *Henry Schein* and rejecting a party's

---

[2] Plaintiff cites to two Sixth Circuit cases for the proposition that an arbitration agreement can only bind the parties to that agreement. *See* Reply 2, ECF No. 38. Assuming *arguendo* that is an accurate statement of law, whether Plaintiff is a party to the arbitration agreement is not an issue in this case. The issue is whether the arbitration agreement *to which Plaintiff is a party* covers in-person purchases. And, as previously explained, that is an issue for the arbitrator to decide.

argument "that a court must first determine whether the agreement covers a particular claim before the arbitrator has any authority to address its jurisdiction."). For these reasons, Plaintiff's citation to *Moritz* and *Slaughter* does not demonstrate clear error.

Finally, Plaintiff suggests that the Court clearly erred by analogizing to *Turi v. Main Street Adoption Services, LLP*, 633 F.3d 496 (6th Cir. 2011). Although somewhat unclear, it seems Plaintiff's point is that her factual situation is dissimilar to *Turi* because her in-person purchases are so much more obviously outside the scope of the arbitration agreements than the at-issue claims in *Turi*. So, apparently, this case should be unaffected by the fact that *Henry Schein* abrogated *Turi*. Again, this argument re-litigates the outside-the-scope arguments that the Court already resolved in the Order. Accordingly, it is not a proper basis for reconsideration.

In sum, Plaintiff has not demonstrated that the Court committed clear error in the Order. Nor, after its own reflection, does the Court find any such error.

## IV.   CONCLUSION

For these reasons, Plaintiff's motion is **DENIED**. The Clerk is directed to terminate ECF No. 36.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**